UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NATHALIE TORRES,

                Plaintiff,

      -against-

MICHAEL TANG,

               Defendant.
-----------------------------------------------------------X

Civil Case No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, by her attorney HALPERIN, HALPERIN & WEISKOPF, PLLC, complaining of the defendant, MICHAEL TANG, states and alleges as follows:

### THE PARTIES

1. At all times hereinafter mentioned, plaintiff NATHALIE TORRES was and still is a resident of the City of Waterbury, County of New Haven and State of Connecticut.

2. Upon information and belief, at all times hereinafter mentioned, defendant MICHAEL TANG was and still is a resident of the City of New York, County of Kings and State of New York.

### JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a)(1), as a consequence of the fact that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between a citizen of the State of New York and a citizen or subject of a foreign State.

4. This Court has personal jurisdiction over the defendant herein because he is a resident of the State of New York and this district, transacts business within the State of New

York and this district; has availed himself of the privilege of conducting activities within the State of New York and this district; and has engaged in the activities giving rise to this lawsuit within the State of New York and this district.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. Section 1391(a)(b) because defendant resides within this district; and a substantial part of the events or omissions giving rise to the claim occurred in this district.

**AS AND FOR A FIRST, SEPARATE AND DISTINCT
CAUSE OF ACTION
COMMON LAW NEGLIGENCE/VIOLATION OF
NEW YORK STATE VEHICLE AND TRAFFIC LAW**

6. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 5, inclusive of this Complaint, as if same were fully set forth herein at length.

7. Upon information and belief, at all times hereinafter mentioned, defendant MICHAEL TANG was and still is the titled owner of a certain motor vehicle consisting of a 2021 Subaru bearing license plate number CUJ9909 of the State of New York.

8. Upon information and belief, at all times hereinafter mentioned, defendant MICHAEL TANG was and still is the registered owner of a certain motor vehicle consisting of a 2021 Subaru bearing license plate number CUJ9909 of the State of New York.

9. Upon information and belief, at all times hereinafter mentioned, defendant MICHAEL TANG operated the aforesaid motor vehicle bearing registration number CUJ9909 of the State of New York.

10. Upon information and belief, at all times hereinafter mentioned, defendant MICHAEL TANG managed the aforesaid motor vehicle bearing registration number CUJ9909 of the State of New York.

11. Upon information and belief, at all times hereinafter mentioned, defendant MICHAEL TANG maintained the aforesaid motor vehicle bearing registration number CUJ9909 of the State of New York.

12. Upon information and belief, at all times hereinafter mentioned, defendant MICHAEL TANG controlled the aforesaid motor vehicle bearing registration number CUJ9909 of the State of New York.

13. At all times hereinafter mentioned, Avenue M was and still is in the vicinity of McDonald Avenue in the City of New York, County of Kings and State of New York, and was and still is a public street over which the public has the right to travel.

14. At the time of the occurrence herein and on or about October 25, 2021 at approximately 6:12 P.M., plaintiff NATHALIE TORRES was a pedestrian lawfully attempting to cross McDonald Avenue in a westerly direction in the vicinity of the intersection of Avenue M in the City of New York, County of Kings and State of New York.

15. At the time of the occurrence herein and on or about October 25, 2021 at approximately 6:12 P.M., the aforementioned motor vehicle bearing registration number CUJ9909 of the State of New York, owned, operated, maintained and controlled by defendant MICHAEL TANG, was being operated on McDonald Avenue in a northerly direction.

16. At the time of the occurrence herein and or about October 25, 2021 at approximately 6:12 P.M., the aforementioned motor vehicle bearing registration number CUJ9909 of the State of New York, owned, operated, maintained and controlled by defendant

MICHAEL TANG, came into violent contact and collision with plaintiff NATHALIE TORRES as she was crossing McDonald Avenue at Avenue M.

17. The aforesaid occurrence and the resultant injuries sustained by the plaintiff NATHALIE TORRES were caused solely by and through the negligence, carelessness, recklessness and wanton disregard on the part of defendant MICHAEL TANG, as follows:

a. In the ownership, management, operation, maintenance and control of the aforementioned motor vehicle bearing registration number CUJ9909 of the State of New York;

b. In operating the aforementioned motor vehicle bearing registration number CUJ9909 of the State of New York in a careless and imprudent manner under the conditions then and there existing;

c. In operating the aforementioned motor vehicle bearing registration number CUJ9909 of the State of New York at an excessive and dangerous rate of speed or at such rate of speed that care and caution would permit under the circumstances then and there existing;

d. In failing to timely stop the aforementioned motor vehicle bearing registration number CUJ9909 of the State of New York, thereby causing defendant's motor vehicle to collide with plaintiff.

e. In failing to equip the aforementioned motor vehicle bearing registration number CUJ9909 of the State of New York with proper brakes; in failing to make proper application of the brakes; in failing to apply the brakes in time;

f. In failing to look;

g. In failing to see;

  h. In failing to stop;

  i. In failing to yield;

  j. In failing to observe the roadway;

  k. In failing to observe pedestrians;

  l. In failing to observe pedestrians;

  m. In failing to yield to pedestrians;

  n. In failing to maintain the aforementioned motor vehicle bearing registration number CUJ9909 of the State of New York under due and proper control;

  o. In failing to obey the traffic signals provided in the vicinity of the aforementioned roadway;

  p. In failing to obey the crossing signs and signals provided in the vicinity of the aforementioned roadway;

  q. In failing to sound horn or give any signal, notice or warning;

  r. In coming into violent contact with and striking a pedestrian;

  s. In failing to avoid striking a pedestrian even though defendant MICHAEL TANG had a full opportunity to do so;

  t. In failing to comply with the statutes, laws and ordinances made and provided for vehicular traffic on the highways of the State of New York;

  u. In failing to comply with the statutes, laws and ordinances made and provided for vehicular traffic on the highways of the City of New York;

  v. In failing to obey the signs provided in the vicinity of the aforementioned roadway;

5

      w.      In otherwise being careless, negligent and reckless in the happening of the aforementioned occurrence.

18.      Plaintiff NATHALIE TORRES was in no way negligent in the happening of the aforesaid occurrence.

19.      By reason of the negligence of defendant MICHAEL TANG, plaintiff NATHALIE TORRES was caused to sustain serious and severe personal injuries which are permanent in nature; has been and will be, caused great pain and suffering; has been and will be, caused to be rendered sick, sore, lame and disabled; has been and will be, caused to be incapacitated from her usual duties and activities, and may in the future continue to be so incapacitated; and has been and will be caused to expend large sums of money in an effort to cure himself of said injuries.

20.      By reason of the foregoing, plaintiff NATHALIE TORRES has sustained a serious personal injury greater than that as defined in Subdivision (d) of Section 5102 of The Insurance Law of The State of New York and has sustained a serious economic loss greater than that as defined in Subdivision (a) of Section 5102 of The Insurance Law of The State of New York.

21.      By reason of the foregoing, plaintiff NATHALIE TORRES is entitled to recover for non-economic loss and for all economic losses sustained.

22.      By reason of the foregoing, plaintiff NATHALIE TORRES has been damaged in an indeterminate sum of not less than FIVE MILLION ($5,000,000.00) DOLLARS.

## JURY DEMAND

23.      Plaintiff hereby demands a trial by jury.

**RELIEF**

**WHEREFORE**, plaintiff demands judgment against defendant as follows:

24. As to the First Cause of Action, an indeterminate sum of not less than FIVE MILLION ($5,000,000.00) DOLLARS;

25. As to all causes of action, the costs and disbursements of this action; a trial by jury of all issues set forth in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
       July 20, 2022                          _____\\S\\_____
                                              Jeffrey Weiskopf, Esq. (JW-3827)
                                              Steven T. Halperin, Esq. (STH-8723)
                                              HALPERIN, HALPERIN & WEISKOPF, PLLC
                                              Attorneys for Plaintiff
                                              NATHALIE TORRES
                                              Office & P.O. Address
                                              18 East 48th Street, Suite 1001
                                              New York, New York 10017-1014
                                              (212) 935-2600
                                              (212) 935-2390 (Fax)